**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| RONALD BERNACCHI,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PERSONAL INSURANCE COMPANY,<br><br>Defendant. | CAUSE NO.: 4:26-CV-79-TLS-JEM |

## OPINION AND ORDER

This cause of action arises from Plaintiff Ronald Bernacchi's claim for insurance coverage for water damage to his property. The case is before the Court on Defendant Travelers Personal Insurance Company's Amended Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 6], filed on August 11, 2026. For the following reasons, the Court denies the motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (cleaned up).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Travelers Personal Insurance Company ("Travelers") issued a Homeowners Policy to Plaintiff Ronald Bernacchi with a stated policy period of January 18, 2024, to January 18, 2025 (the "Policy"), which provided coverage for the Plaintiff's property located Wheatfield, Indiana (the "Property"). Am. Compl., 4, ECF No. 4; *see also* Ex. A, ECF No. 7-1, p. D-1. At the top of the Policy's cover page are images for both "Travelers" and "Geico For Your Home." Am. Compl. 4. The cover page provides, in part: "Welcome to Travelers! On behalf of GEICO Insurance Agency, LLC, thank you for choosing Travelers to help you protect what matters. As a Travelers Insurance customer, . . . you can feel protected . . . ." *Id.* It also provides, "If you decide to rent, sell, vacate or remodel this property, please notify GEICO Insurance Agency, LLC . . . to maintain the coverage you need." *Id.*

The Policy contains a two-year suit limitation provision:

> PROPERTY COVERAGE SECTION
> . . .
> PROPERTY – CONDITIONS
> . . .
> 9. Suit Against Us. No action can be brought against us unless there has been full compliance with all of the terms under the Property Coverage Section of this policy and the action is started within two years after the date of loss.

*Id.* at 19.

On February 29, 2024, the Plaintiff sustained a water loss at the Property (the "Loss"). *Id.* at 1, ¶ 4.

An "Offer to Reinstate" letter, dated February 21, 2025, shows the Travelers image at the top directly above the Geico Ins Agency LLC mailing address and includes the names Travelers, Travelers Personal Insurance, and Travelers Personal Insurance Company. Ex. B, ECF No. 7-2, p. 58 of 131. In the section with payment instructions at the bottom, there are references to both Travelers and Geico Ins Agency LLC. *Id.*

On February 26, 2026, the Plaintiff filed a Complaint in the Jasper County, Indiana, Circuit Court against "Geico Insurance Agency, LLC d/b/a Traveler's Personal Insurance Company." Ex. B, ECF No. 7-2, p. 3. Travelers was not named as a defendant or served with the original Complaint. *See generally* Ex. B.

On April 21, 2026, the Plaintiff filed a motion seeking to amend the complaint to dismiss Geico and name Travelers as the defendant, explaining that he discovered "Geico Insurance Agency, LLC may not be doing business as Traveler's Personal Insurance Company, as previously believed." *Id.* p. 71. On April 24, 2026, the state court granted the motion, dismissing Geico and deeming the Amended Complaint filed as of April 21, 2026. *Id.* p. 78. The Amended Complaint includes a copy of the Policy. *See* Am. Compl.

The April 21, 2026 Amended Complaint brings claims against Travelers for breach of contract (Count I) and bad faith (Count II). Am. Compl. The Plaintiff alleges that "Travelers has failed to remit to Plaintiff the contractual proceeds to which he is entitled by policy and law." *Id.* at 1. In Count I for breach of contract, the Plaintiff alleges that, "[f]ollowing the date of loss, the Plaintiff has attempted to submit voluminous overviews and documentation of damages and repairs to Travelers seeking reimbursement" and that "Travelers has rejected the claims

submitted by the Plaintiff and failed to provide to the Plaintiff necessary and policy mandated funding for repairs and loss of use amidst other policy rights . . . ." *Id.* at 2.

Travelers was served with Summons and the Amended Complaint on July 6, 2026. ECF No. 1-1, p.1.

On August 4, 2026, Travelers removed the case to this Court. ECF No. 1.

On August 11, 2026, Travelers filed a Motion to Dismiss, ECF No. 5, and the instant Amended Motion to Dismiss, attaching a copy of the Policy as well as documents from the state court docket, ECF Nos. 6, 7. The Plaintiff filed a response on August 31, 2026, ECF Nos. 9, 10, and Travelers filed a reply on September 8, 2026, ECF No. 13.

## ANALYSIS

Travelers seeks dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by the Policy's two-year suit limitation provision and for failure to allege compliance with all conditions precedent to suit. The Plaintiff responds that the Amended Complaint was timely filed because it relates back under Indiana Rule of Trial Procedure 15(C) to the filing of the original Complaint and that he has specifically alleged compliance with the conditions precedent to suit. The Court considers each argument in turn.

### A. Two-Year Suit Limitation Period

The Plaintiff is suing Travelers for breach of contract and bad faith. The contract at issue is the Policy between the Plaintiff and Travelers, which provides: "No action can be brought against us unless there has been full compliance with all the terms under the Property Coverage Section of this policy and the action is started within two years after the date of loss." Seeking dismissal, Travelers argues that the Plaintiff's claims are barred by this two-year suit limitation provision.

Suit limitation provisions like this are consistently enforced as valid and reasonable conditions precedent to recovery under an insurance policy. *See, e.g.*, *Legend's Creek*

*Homeowners Ass'n, Inc. v. Travelers Indem. Co. of Am.*, 33 F.4th 932 (7th Cir. 2022) (enforcing a two-year provision to bring a "legal action"); *Burress v. Ind. Farmers Mut. Ins. Grp.*, 626 N.E.2d 501 (Ind. Ct. App. 1993) (enforcing a one-year provision from the date of loss); *Brunner v. Econ. Preferred Ins. Co.*, 597 N.E.2d 1317, 1318 (Ind. Ct. App. 1992) (enforcing a one-year provision from the date of loss); *Trzeciak v. State Farm Fire & Cas. Co.*, 809 F. Supp. 2d 900, 909 (N.D. Ind. 2011) (citing Indiana law). And suit limitation provisions are applicable to bad faith claims. *See Legend's Creek Homeowners Ass'n, Inc. v. Travelers Indem. Co. of Am.*, 493 F. Supp. 3d 681, 694 (S.D. Ind. 2020) ("In Indiana, claims made against insurers for breach of the duty of good faith, while sounding in tort, are nonetheless subject to contractually agreed upon limitations provisions if brought by the insured." (citing *Troxell v. Am. States Ins. Co.*, 596 N.E.2d 921, 925 (Ind. Ct. App. 1992))).

Here, the Policy language is plain and unambiguous. The Plaintiff's suit is time-barred unless it is "started within two years after the date of loss." It is undisputed that the Plaintiff suffered the Loss on February 29, 2024. It is also undisputed that the original Complaint was filed against Geico on February 26, 2024, within the two-year suit limitation provision. However, the Amended Complaint was not filed against Travelers until April 21, 2026, more than two years after the Loss. Travelers argues that it was not a party to the original Complaint, was not served with the original Complaint, and was not served with the Amended Complaint until July 6, 2026.

In response, the Plaintiff invokes Indiana Rules of Trial Procedure 21 and 15(C) to argue that his correction of the named defendant from Geico to Travelers in the April 21, 2026 Amended Complaint relates back to the filing of the original Complaint because Travelers had notice of the original Complaint through Geico as its agent. Because the Plaintiff filed the Amended Complaint while the case was still in state court, the Indiana Rules of Trial Procedure apply to this question. *See Cobb v. Aramark Corr. Servs., LLC*, 937 F.3d 1037, 1040 (7th Cir. 2019); *Novit v. Metro. Sch. Dist. of Warren Twp.*, No. 1:21-CV-02168, 2023 WL 22191, at *7

(S.D. Ind. Jan. 3, 2023) (citing *Clemons v. City of Hobart*, No. 2:17-CV-11, 2018 WL 1531787 (N.D. Ind. Mar. 29, 2018)); Fed. R. Civ. P. 81(c)(1). Although, the Court recognizes that Indiana Rule of Trial Procedure 15(C) "is materially identical to the federal rule." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011).

Indiana Rule of Trial Procedure 21 provides that "[i]ncorrect names and misnomers may be corrected by amendment under Rule 15 at any time." Ind. R. Tr. P. 21. And Indiana Rule of Trial Procedure 15(C) provides, in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> > (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
> >
> > (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind. R. Tr. P. 15(c). "The party who seeks the benefit of the relation back doctrine bears the burden of proving the requirements of T.R. 15(C) are met." *Lake County v. Klisurich*, 182 N.E.3d 877, 881 (Ind. Ct. App. 2022) (citation omitted).

There is no dispute that the Plaintiff meets Rule 15(C)'s threshold requirement that the claim against Travelers in the Amended Complaint arise "out of the conduct, transaction, or occurrence set forth" in the original Complaint as the substantive claims of breach of contract and bad faith remain unchanged. Both pleadings bring identical claims against Travelers based on the Policy. The Court turns to the two enumerated elements of Rule 15(C), which Travelers argues the Plaintiff has not met.

First, the Plaintiff argues mistake under Rule 15(C)(2) as to the failure to name Travelers as the defendant in the original Complaint. The Indiana Supreme Court has explained that "Rule 15(C)(2) is a 'mistake requirement' that 'is concerned fundamentally with the new party's

awareness that failure to join it' in the original complaint 'was error rather than a deliberate strategy.'" *Dugan v. Stucker*, 253 N.E.3d 573, 2025 WL 314114, at *3 (Ind. Ct. App. Jan. 28, 2025) (quoting *Porter Cnty. Sheriff's Dep't v. Guzorek*, 857 N.E.2d 363, 371 (Ind. 2006)). ! "[W]here there is a basis for the plaintiff to assert liability against the party [that is] named in a complaint, and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, the mistake requirement is not met." *Guzorek*, 857 N.E.2d at 372.

At this pleading stage, the Plaintiff has shown that he made a mistake as to the name of the defendant in the caption as Geico d/b/a Travelers. All the substantive allegations of the original Complaint, as well as the identical allegations of the Amended Complaint, name only Travelers as the insurer; there are no substantive allegations against Geico in either pleading. The Plaintiff asserts that the Policy led him to believe that Geico spoke for and acted on behalf of Travelers and was Travelers' agent, leading the Plaintiff to name "Geico Insurance Agency LLC d/b/a Travelers Personal Insurance Company" as the defendant in the caption of the original Complaint. In support, the Plaintiff cites the references to Geico on the cover page accompanying the Policy and a reinstatement letter. At this stage of the litigation, the Plaintiff has shown that this was an "error rather than a deliberate strategy." *Id.* at 371 (citation omitted).

As to the notice requirement of Rule 15(C)(1), Travelers asserts in its motion that it is undisputed it was not a party to the original Complaint, it was never served with the original Complaint, and it was not served with the Amended Complaint until July 6, 2026. Not disputing these facts, the Plaintiff responds that Travelers received timely notice of the lawsuit through its agency relationship with Geico. But the Amended Complaint contains no factual allegations that allow the Court to plausibly infer on this Rule 12(b)(6) motion to dismiss that, within 120 days of the filing of the original Complaint, Travelers received notice of the action such that it will not be prejudiced in defending the merits. *See Dugan*, 2025 WL 314114, at *3; *Webb v. City of Carmel*, 101 N.E.3d 850, 862–63 (Ind. Ct. App. 2018). Nevertheless, a party "opposing a Rule

12(b)(6) motion" may "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 n.2 (7th Cir. 2021) (cleaned up). Therefore, the Court turns to the Plaintiff's argument that Travelers had notice of the original Complaint through its agent Geico.

"Although T.R. 15(C) does not require service of process on the new defendant, notice of the pending claim must be such that the added party received either actual or constructive notice of the legal action within the allotted time period." *Klisurich*, 182 N.E.3d at 882 (citing *Guzorek*, 857 N.E.2d at 368). "Constructive notice 'may be inferred based on either the identity of interest between the old and new parties or the fact that they share attorneys." *Id.* (quoting *Guzorek*, 857 N.E.2d at 369). "An identity of interest may permit notice to be imputed to the added party when the original or added party are so closely related in business or other activities that it is fair to presume that the added part[y] learned of the institution of the action shortly after it was commenced." *Id.* (quoting *Guzorek*, 857 N.E.2d at 369). The Plaintiff has not argued that Travelers had actual notice of the suit, and there is no evidence of shared legal counsel.

First, the Plaintiff cites *Chrysler Corporation v. Alumbaugh*, 342 N.E.2d 908 (Ind. Ct. App. 1976), where the plaintiff had named Chrysler Motor Corporation but amended the name to Chrysler Corporation after the expiration of the limitations period. There, it was "apparent that Chrysler Corporation knew or should have known but for a mistake in identity, suit would have been initiated against it"; there was evidence that Chrysler Corporation had notice within the limitation period; and Chrysler's defense on the merits was not prejudiced. *Id.* 912. The Plaintiff has not offered any argument to support a corporate relationship between Geico and Travelers, and Travelers states in its reply brief that Geico and Travelers are separate and distinct legal entities and that neither is part of the other's corporate family.

Yet the Plaintiff also argues that, under Indiana law, "if Geico Insurance Agency, LLC was the broker for [Travelers], then as the agent of the insurer, [Geico was] duty bound to notify [Travelers] . . . of a suit." Pl. Br. 5, ECF No. 10 (citing *Fid. & Caz. Co. v. Tillman Corp.*, 112

F.3d 302, 304 (7th Cir. 1997) (applying Indiana law)). The Plaintiff then correctly cites the general legal principle under Indiana law that "[a]n intermediary in the insurance business is the agent of the insured while shopping for a policy and the agent of the insurer after a policy issues." *Id.* (quoting *Fidelity*, 112 F.3d at 304). Thus, the Plaintiff reasons that Travelers had notice of the original Complaint through its agent Geico in March 2026, which was within the 120 days of the filing of the original Complaint. The Plaintiff also contends that Travelers had notice "via notice of the amended complaint, initiated to them on June 24, 2026, and received on July 6, 2026." *Id.* In other words, Travelers would also have received constructive notice through Geico of the Amended Complaint against Travelers filed on April 21, 2026, which was within 120 days of the filing the original Complaint. Travelers does not address *Fidelity & Casualty Co. v. Tillman Corp.* cited by the Plaintiff or any of the related Indiana law on agency and insurance brokers/agents.[1]

Under Indiana law, the general rule is that "(1) an insurance agent who represents several insurance companies is an insurance broker and is considered the agent of the proposed insured when the agent undertakes to procure insurance, and (2) only when such a broker makes an application for insurance and the policy is issued, does the broker become an agent for the insurance company." *Benante v. United Pac. Life Ins. Co.*, 659 N.E.2d 545, 547 (Ind. 1995) (citing *Stockberger v. Meridian Mut. Ins. Co.*, 395 N.E.2d 1272 (Ind. Ct. App. 1979); *Aetna Ins. Co. v. Rodriguez*, 517 N.E.2d 386 (Ind. 1988)); *see Accident Fund Ins. Co. of Am. v. Custom Mech. Constr., Inc.*, 49 F.4th 1100, 1108 (7th Cir. 2022) (citation omitted); *Fidelity & Caz. Co.*, 112 F.3d at 304. The Indiana Supreme Court stated that its "opinion in *Aetna Ins. Co.* clearly stands for the proposition that the application for and issuance of an insurance policy establishes the broker as the agent of the insurer." *Benante*, 659 N.E.2d at 547 (citing *Aetna Ins. Co.*, 517 N.E.2d at 388).

[1] Travelers cites law that "pre-suit contact with an insurer or its agent is not notice." Reply 5, ECF No. 13. However, the Plaintiff does not argue that his pre-suit contact with Travelers constitutes notice for purposes of relation back.

"That does not mean, however, that an insurance *broker* automatically becomes an agent of the insurer." *Accident Fund Ins. Co. of Am.*, 49 F.4th at 1108 (citing *Fidelity & Caz. Co*, 112 F.3d at 304–06 (explaining that "[a]gency is a voluntary relation" and a customer's insurance broker was not acting as an insurer's agent when it applied to Indiana's assigned-risk pool on the customer's behalf)). In 2009, the Indiana Supreme Court "clarified that there is an important distinction between an insurance broker, who acts as an agent of the insured, and an insurance agent, who represents an insurer under an employment agreement." *Id.* (citing *Est. of Mintz v. Conn. Gen. Life Ins. Co.*, 905 N.E.2d 994, 1001 (Ind. 2009)). "While the 'acts of an [insurance] agent are imputable to the insurer,' a broker's actions are not." *Id.* (citing *Est. of Mintz*, 905 N.E.2d at 1001). Under Indiana law, the existence of an agency relationship is usually a question of fact. *Bauermeister v. Churchman*, 59 N.E.3d 969, 974 (Ind. Ct. App. 2016). For example, in *Conrad v. Universal Fire & Cas. Ins. Co.*, the court found an agency relationship where the insurance agent was listed by the insurer on an "Agent Statement" and the insurance agent "earned a commission that was deducted from the premium payment to" the insurer. 686 N.E.2d 840, 844 (Ind. 1997) (finding that, because the insurance agent was the insurer's agent, the insurance agent's failure to refund a premium until after damage to the insured's property was also the insurer's failure (citing *Benante*, 659 N.E.2d at 547; *Aetna Ins. Co.*, 517 N.E.2d 386)).

Here, the Plaintiff has alleged through his response brief that, under Indiana law, Geico was the agent of Travelers such that Travelers had constructive notice of both the original Complaint and the Amended Complaint. Again, Travelers does not address either this Indiana law or the Plaintiff's agency argument. And while Travelers asserts that there is no *corporate* relationship between Geico and Travelers, Travelers has not asserted that there is no *agency* relationship between Geico and Travelers. The Court finds that the Plaintiff has plausibly alleged notice for purposes of relation back under Rule 15(C)(1) at this stage of the litigation.

Briefly returning to Rule 15(C)(2), given that all the substantive allegations of the original Complaint are brought against Travelers only, Travelers should have known that, but for

the Plaintiff's mistake in naming Geico d/b/a Travelers in the caption of the Complaint, the action would have been brought against Travelers. Ind. R. Tr. P. 15(C)(2). There are no facts before the Court to suggest that Travelers has been impaired in its defense on the merits. For these reasons, the Court denies the motion to dismiss based on the two-year suit limitation provision in the Policy.

**B. Compliance with Conditions Precedent to Suit**

Travelers also contends that the Amended Complaint fails to allege compliance with the conditions precedent of the Policy, citing Federal Rule of Civil Procedure 9(c) and Indiana Rule of Trial Procedure 9(C). Under Indiana law, in an action on contract, the plaintiff must allege and show performance of all conditions precedent in the contract or facts to show waiver of performance. *Hooser v. Baltimore & Ohio R.R. Co.*, 279 F.2d 197, 199 (7th Cir. 1960) (citations omitted). Both the federal and Indiana rules provide that it is sufficient to allege generally that all conditions precedent have been performed. *See* Fed. R. Civ. P. 9(c); Ind. R. Tr. P. 9(C).

The Amended Complaint alleges that the "Plaintiff has attempted to submit voluminous overviews and documentations of damages and repairs to Travelers seeking reimbursement" and that "Travelers has rejected the claims submitted by the Plaintiff and failed to provide to the Plaintiff necessary and policy mandated funding for repairs and loss of use amidst other policy rights." Travelers did not address these allegations in its motion, and the Plaintiff argues that these allegations show his attempt to comply with the Policy. Moreover, the Plaintiff argues that Travelers has not identified any Policy provisions that the Plaintiff has failed to allege he complied with. The Court agrees. On a Rule 12(b)(6) motion to dismiss, the defendant has the burden of establishing the complaint's insufficiency. *Gunn*, 968 F.3d at 806. In its reply brief, Travelers still does not identify any specific condition precedent with which the Plaintiff has not alleged compliance.

Finally, the cases cited by Travelers are distinguishable because the defendant in each case identified the condition precedent that the plaintiff did not comply with or allege

compliance with and, in some instances, the case was not on a motion to dismiss. *See Hooser*, 279 F.2d at 198–200 (finding, on a motion for summary judgment, the complaint barred because the plaintiffs did not submit a written grievance within one year from the date of the occurrence, which was a condition precedent to suit as argued by the defendant); *Wood v. United of Omaha Life Ins.*, No. 1:15-CV-260, 2016 WL 2910008, *2–3 (N.D. Ind. May 19, 2016) (finding, on a Rule 12(b)(6) motion to dismiss, that the plaintiffs failed to plead either generally or specifically that the insured had satisfied the requirements for a valid transfer request under the policy, which was the argument made by the defendant insurer); *Patterson v. State Farm Mut. Auto. Ins.*, 2006 WL 1877002, at *1–2 (S.D. Ind. July 6, 2006) (dismissing the complaint without prejudice with leave to refile because the plaintiff failed to name the uninsured driver as a defendant, which the defendant State argued was a condition precedent to suit); *Swoope v. Gary Cmty. Sch. Corp.*, No. 2:10-CV-423, 2012 WL 3732838, at *2 (N.D. Ind. Aug. 28, 2012) (granting dismissal of the breach of contract claim on a Rule 12(b)(6) motion where the defendant argued that the plaintiff had failed to allege that "he performed his part of the contract" and the plaintiff failed to respond to the argument).

The Court denies the motion to dismiss brought on this basis.

## CONCLUSION

For these reasons, the Court hereby DENIES the Defendant's Amended Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 6] and DENIES as moot the Defendant's Motion to Dismiss [ECF No. 5].

SO ORDERED on November 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT